**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY and
SIERRA CLUB,

                Plaintiffs,

v.                                            CIVIL ACTION NO. 2:13-21588
                                                     (Consolidated with 2:13-16044)

FOLA COAL COMPANY, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for an Interim Award of Attorneys' Fees and Costs (ECF No. 183). Plaintiffs accounted for time and costs relating to the finding of liability for Surface Mines Nos. 2 and 6 and excluded time and costs spent on Surface Mine No. 4A, for which the Court did not find Defendant liable. Defendant challenges the reductions taken to account for the failure to prevail on the liability for Mine 4A. For the following reasons, the Court finds Plaintiffs' accounting reasonable and **GRANTS** Plaintiffs' Motion.

**I.    BACKGROUND**

Plaintiffs brought the instant case in August of 2013, alleging violations of the Clean Water Act (CWA) and the Surface Mining Control and Reclamation Act (SMCRA) regarding Surface Mine No. 4A (Mine 4A). *See Pls.' Compl.*, ECF No. 1. The Court consolidated the Mine 4A case with a similar case alleging the same legal violations for Surface Mine Nos. 2 and 6 (Mines 2 and 6). *See Order Granting Consolidation*, ECF No. 17. The Court bifurcated the case into

two phases—the first phase to determine liability and the second to determine relief. *See Scheduling Order*, ECF No. 11. After a bench trial, the Court found Defendant liable for violating its permits for Mines 2 and 6, but the Court did not find Defendant liable for permit violations regarding Mine 4A. *See Mem. Op. & Order*, ECF No. 119. The Court granted injunctive relief after the second phase for Mines 2 and 6 but delayed providing a specific remedy, instead electing to appoint a Special Master to assist in creating a proposed plan forward. *See Mem. Op. & Order Regarding Inj. Relief*, ECF No. 161. Plaintiffs, therefore, have prevailed fully on liability and partially on the remedy for Mines 2 and 6, but Plaintiffs did not prevail on claims for Mine 4A. Accordingly, attorneys' fees and costs must reflect only the claims in which Plaintiffs were successful.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), 33 U.S.C. § 1365(d), and 30 U.S.C. § 1270(d), Plaintiffs move the Court for an interim award of attorneys' fees and costs. As indicated in the citizen suit provision of the CWA and the SMCRA, "[t]he court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d); *see also* 30 U.S.C. § 1270(d).[1]  Plaintiffs carry the burden to establish entitlement to a fee award. *See Spell v. McDaniel*, 852 F.2d 762, 765 (4th Cir. 1988). To recover attorneys' fees and costs under the prevailing party standard, the plaintiff must be the prevailing party in the action, and the court

---

[1] Section 1270(d) does not include the phrase "prevailing or substantially prevailing party", allowing the court to award attorneys' fees to any party whenever appropriate.

must determine that the requested attorneys' fees, expert witness fees, and miscellaneous costs are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### III. DISCUSSION

The CWA and the SMCRA citizen suit provisions allow for an award of attorneys' fees and costs after a court enters any final order, and the Court finds it appropriate to allow for an interim award in this case as the Court has found liability and injunctive relief necessary to remedy past violations. "Under fee-shifting statutes such as the [CWA and the SMCRA], courts may order an interim fees award, but 'only when a party has prevailed on the merits of at least some of his claims.'" *Greenfield Mills v. Carter*, 569 F. Supp. 2d 737, 743 (N.D. Ind. 2008) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980)). Other district courts have granted interim attorneys' fees and costs when the court determined liability but refrained on issuing a final remedy until the parties could settle on an appropriate and cost-effective solution. *See id.* at 744 (citing the reach of the case, time involved in litigation, resource disparity of the parties, and plaintiff's valid claim as justification for issuing interim fees under CWA); *Maine People's All. v. Holtrachem Mfg. Co.*, No. 1:00-cv-00069-JAW, 2016 WL 5676887, at *3 (D. Me. Sept. 30, 2016) (issuing an interim attorney award under the Resource Conservation and Recovery Act containing similar "final order" language); *S. Appalachian Mountain Stewards v. A&G Coal Co.*, No. 2:12CV00009, 2014 WL 4955702, at *2 (W.D. Va. Oct. 2, 2014) (finding that plaintiff prevailed to justify interim award).

Here, the Court found Defendant liable for violating its permits for Mines 2 and 6 and determined that injunctive relief was appropriate and necessary to remedy these violations. *See Mem. Op. & Order Regarding Inj. Relief*, ECF No. 161, at 1. Plaintiffs have substantially prevailed on these claims. Delaying an award for attorneys' fees and costs would cause further

financial hardship on Plaintiffs as this case continues to wait for final judgment, gathering hundreds of thousands of dollars in attorneys' fees and other expenses in the process. *See Pls.' Mem. in Supp.*, ECF No. 184, at 4. Defendant did not challenge Plaintiffs' request for an award before the entry of final judgment. *See Def.'s Resp.*, ECF No. 189. Accordingly, the Court finds that an interim award for attorneys' fees and costs is appropriate.

Finding that Plaintiffs are the prevailing party in this case, the Court next turns to whether the requested attorneys' fees and costs are reasonable. When determining the reasonableness of attorneys' fees, the court must first determine an appropriate lodestar figure by multiplying the number of hours by a reasonable hourly rate. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The requested attorney rate for each attorney reflects similar rates granted to the same three attorneys in a previous case by this Court. *See Ohio Valley Envtl. Coal. v. Fola Coal Co.*, Civ. No. 2:13-5006, ECF No. 221 (S.D.W. Va. Aug. 30, 2016). The only departure involves Mr. J. Michael Becher who seeks a modest increase of $20 per hour to account for gained experience. *Pls.' Mem. in Supp.*, ECF No. 184, at 8. Defendant did not object to the requested attorney rate, and the Court finds that these rates are reasonable for the experience and expertise of each attorney and accounts for the complexity of this case. Accordingly, Mr. Becher shall receive $260 per hour, Mr. James M. Hecker shall receive $450 per hour, and Mr. Joseph Lovett shall receive $425 per hour.

The reasonable hourly rate must be multiplied by the reasonable number of hours worked to calculate the overall award for attorneys' fees. Plaintiffs' level of success is a "crucial factor in determining the proper amount of an award", and a court should reduce a fee award "if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 439-40; *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782,

793 (1989) ("[T]he degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*." (citation omitted)). To adjust the award, a court should subtract time and expenses attributable to unsuccessful and unrelated claims and award a percentage of the remaining amount based on the level of overall success. *See Ohio Valley Envtl. Coal. v. Hurst*, Civ. No. 3:03-2281, 2011 WL 3563295, at *17 (S.D.W. Va. Aug. 11, 2011). When a case involves a common core of facts and legal theories, however, it is difficult to divide time and expenses expended per claim. *See Hensley*, 461 U.S. at 434. "Time spent on unsuccessful claims is related to time spent on successful claims for purposes of determining a reasonable fee if the issues litigated involve a 'common core of facts' or related legal theories." *Hurst*, 2011 WL 3563295, at *17 (quoting *Hensley*, 461 U.S. at 435).

Here, Plaintiffs substantially prevailed on the liability and remedy issues relating to Mines 2 and 6. Plaintiffs' attorneys apportioned time spent on the case by work category, accounting separately for time spent solely on Mine 4A. *See Pls.' Mem. in Supp.*, ECF No. 184, at 6-7. The specific time and expenses relating to Mine 4A are excludable, but the work on common legal issues that involve a similar core of facts is compensable. Mr. Hecker details how he excluded time spent on Mine 4A from his documented time in his affidavit. *See Hecker Aff.*, ECF No. 183-1, at 6-7. According to these exclusions, the time spent on site visits was reduced by 50%; the time involving expert reports was reduced by the number of pages that mentioned Mine 4A; Mr. Hecker excluded his time attending depositions of Plaintiffs' experts to avoid duplicate staffing; stream sampling was reduced by one-third; expert reports were reduced if discussing specific causation on the separate sites; and other care was taken to reduce time by a percentage relating to the number of pages devoted to Mine 4A. *Id.* Mr. Lovett and Mr. Becher followed the same

calculations to reduce their time and costs. *See Lovett Aff.*, ECF No. 183-2, at 3; *Becher Aff.*, ECF No. 183-3, at 6.

In its Response, Defendant challenges only the calculation of time spent on the prevailing claims, specifically addressing the amount of reductions and exclusions. *See Def.'s Resp.*, ECF No. 189. Because Mr. Hecker's exclusions are admittedly based on his "best judgment", Defendant disagrees with the method of reducing the award total. Defendant advocates for a simpler method that reduces the amount of time and expenses by one-half to account for the fact that Plaintiffs lost one of the two cases that were consolidated. *Id.* at 5.

The Court disagrees with Defendant's method and does not find that a simple reduction by 50% would adequately award Plaintiffs for their successful claims. Although Plaintiffs prevailed on one of the two cases the Court consolidated, the case involved three mines (suggesting at most a one-third reduction) and involved a common set of facts and legal theories that do not justify such a simplified reduction. The Court has discretion in determining whether to reduce the award by a specific number of hours that can be ascertained as unrelated to the successful outcome or by a straight percentage to account for limited success. *See Hensley*, 461 U.S. at 436-37. When claims contain similar facts and legal theories, however, the Supreme Court and the Fourth Circuit have "explicitly rejected the notion that a court may calculate an award of attorneys' fees by means of a purely mathematical comparison between the number of claims pressed and the number prevailed upon." *Brodziak v. Runyon*, 145 F.3d 194, at 197 (4th Cir. 1998); *see also Hensley*, 461 U.S. at 435 n.11 ("Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors."). By consolidating the two cases involving the three different mines, the Court recognized that the issues presented involved common questions of law and fact. *See Order Granting Consolidation*, ECF No. 17. The Court finds that Plaintiffs' careful calculations

excluding time spent solely on Mine 4A as well as a percentage of output based on references to Mine 4A better encapsulates the compensable time spent on this litigation. Other federal courts have applied similar reductions in cases that involved a portion of unsuccessful claims. *See, e.g.*, *Vaughns v. Bd. of Educ. of Prince George's Cty.*, 598 F. Supp. 1262, 1267 (D. Md. 1984) (applying 27% reduction based on trial transcript spent on unsuccessful claims); *Elec. Privacy Info. Ctr. v. U.S. Transp. Sec. Admin.*, 982 F. Supp. 2d 53, 55 (D.D.C. 2013) (applying 39% reduction based on pages in summary judgment motion devoted to successful claim). Defendant did not challenge the specific hours spent on each of the work categories, and the Court finds that the breakdown of work is reasonable for a complex environmental litigation like this one.

Defendant raises three other concerns with the calculations that the Court will quickly address. First, Defendant challenges charges for Mrs. Betsy Wing's airfare when only Dr. Steve Wing served as an expert in this case. *Def.'s Resp.*, ECF No. 189, at 4. Plaintiffs submitted a Supplemental Declaration by Mr. Becher explaining that Dr. Wing received treatment for chemotherapy during the time of trial and required the assistance of his wife in order to testify. *See Suppl. Decl.*, ECF No. 192-1. Although the Court understands that Mrs. Wing's assistance was necessary, the Court does not find these extra costs to be "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client." *Spell*, 852 F.2d at 771. Plaintiffs chose Dr. Wing to serve as the expert witness in this case, and opposing parties should only pay the reasonable and ordinary travel expenses incurred. The Court finds that Mrs. Wing's travel expenses to assist her husband fall outside the ordinary expenses that typically shift to the opposing party. Therefore, the Court subtracts half of the travel expenses specified, deducting $842.10 from Plaintiffs' travel expenses. *See Becher Aff.*, ECF No. 183-3, at 14.

Second, Defendant challenges five invoices of transcripts from another case, labeled as Stillhouse Branch. *Def.'s Resp.*, ECF No. 189, at 4-5. Plaintiffs provided supplemental exhibits that show that these transcripts were mislabeled as Stillhouse Branch but accurately represent costs attributable to the instant case. *Exh. 2*, ECF No. 192-2. The Court finds that these costs are compensable for this case. Lastly, Defendant highlights a miscalculation in Plaintiffs' table detailing attorneys' expenses. *Def.'s Resp.*, ECF No. 189, at 5 n.6. The Court thoroughly calculated all of Plaintiffs' provided hours and costs and agrees with Defendant's finding. The final awards are detailed in the tables below.

Therefore, the Court finds the following attorneys' fees compensable:

| Attorney | Total Hours | Excludable Hours | Compensable Hours | Hourly Rate | Fee |
|---|---|---|---|---|---|
| Hecker | 637.25 | 111.76 | 525.49 | $450.00 | $236,470.50 |
| Lovett | 153.75 | 8.375 | 145.375 | $425.00 | $61,784.38 |
| Becher | 501.75 | 30.458 | 471.292 | $260.00 | $122,535.92 |
| **Total** | | | | | **$420,790.80** |

The following expenses are also compensable:

| | **Appalachian Mountain Advocates** | **Public Justice** |
|---|---|---|
| Travel Expenses | $15,292.45 | $1,144.78 |
| Other Expenses | $1,119.43 | $2,433.60 |
| Expert Fees and Expenses | $95,835.55 | |
| Transcripts | $7,709.50 | |
| **Total Expenses** | $119,956.93 | $3,578.38 |
| **Excluded Expenses** | $18,841.49 | $0 |
| **Compensable Expenses** | **$101,115.44** | **$3,578.38** |

Accordingly, the Court **GRANTS** Plaintiffs' Motion for an Interim Award of Attorneys' Fees and Costs in the amounts specified.

## IV. CONCLUSION

The Court finds that Plaintiffs' requested attorneys' fees and costs are reasonable and appropriately account for the unsuccessful claim involving Mine 4A. Therefore, the Court **GRANTS** Plaintiffs' Motion (ECF No. 183) and **AWARDS** attorneys' fees amounting to **$420,790.80** and expenses for Appalachian Mountain Advocates in the amount of **$101,115.44** and Public Justice in the amount of **$3,578.38**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 2, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE